**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

AVANTI HUMAN CAPITAL, LLC, PAVIC MANAGEMENT LLC and VICKY VEGA,

Plaintiffs

v.

XPAND STAFFING, LLC and 17 MANAGEMENT XS GROUP, LLC,

Defendants

CIVIL NO. 26-cv-1132 (PAD)

PLAINTIFFS DEMAND TRIAL BY JURY

**PLAINTIFFS' MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY PUBLICATION PURSUANT TO FED. R. CIV. P. 4 AND P.R. RULE 4.6**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs Avanti Human Capital, LLC, Pavic Management LLC, and Vicky Vega, through the undersigned counsel, and respectfully move for an order authorizing service of process upon Defendants Xpand Staffing, LLC ("Xpand") and 17 Management XS Group, LLC ("17 Management") by publication, pursuant to Fed. R. Civ. P. 4 and Puerto Rico Rule of Civil Procedure 4.6. In support thereof, Plaintiffs state as follows:

## I. RELEVANT BACKGROUND

1. Plaintiffs filed the Complaint in this action on March 6, 2026. ECF 1. On March 9, 2026, the Clerk issued summonses for Defendants Xpand and 17 Management at their principal place of business: 8870 W. Oakland Park Blvd., Suite 104, Sunrise, FL 33351. *See* ECF 3; Summonses to Xpand Staffing, LLC and 17 Management XS Group, LLC.

2. On March 13, 2026, Plaintiffs engaged a licensed process server in Florida to effect personal service of the summons and complaint upon Defendants through their Resident Agent at

8870 W. Oakland Park Blvd., Suite 104, Sunrise, FL 33351. *See* attached Florida Division of Corporations Defendants' resident agent address, **Exhibit 1**.

3. The process server, Mikhael Goldgisser (Lic. Nos. SPS# 1556 / CPS# 3102 / CPS# 10114), made five separate attempts to personally serve Defendants Xpand and 17 Management at that address on March 16, March 24 (twice), April 20, and April 21, 2026. On each occasion, the suite was locked, staff represented that everyone "works remotely," refused to open the door, refused to accept documents, and refused to provide any schedule or information that would permit effective personal service. The process server's detailed accounts of these attempts, including interaction with an individual identified as "Lisa" via the Ring doorbell, are set forth in the VERIFED RETURN OF NON-SERVICE for each Defendant. *See*:

1) Verified Return of Non-Service – Xpand Staffing, LLC (Job #21357), dated April 21, 2026 (attached as **Exhibit 2**); and
2) Verified Return of Non-Service – 17 Management XS Group, LLC (Job #21356), dated April 21, 2026 (attached as **Exhibit 3**).

4. The Verified Returns of Non-Service establish that, after "due search, careful inquiry and diligent attempts," the process server was "unable to effect the process upon the person/entity being served," notwithstanding multiple attempts at different dates and times and repeated requests to onsite staff to facilitate service or provide information.

5. Considering Defendants' refusal to permit personal service at their own listed principal place of business, and to avoid unnecessary expenses, Plaintiffs then attempted to secure Defendants' cooperation through counsel. On May 1, 2026, undersigned counsel sent a letter and email to attorney Christian Savio, Esq., of Manganelli, Leider & Savio, P.A. ("Attorney Savio"), who had previously communicated with Plaintiffs and appeared extrajudicially on behalf of Xpand and 17 Management in connection with the underlying controversy. The May 1, 2026, letter enclosed:

1) The filed Complaint;
2) A Notice of Lawsuit and Request for Waiver of Service of Summons;
3) Waiver of Service of Summons forms for both Defendants;
4) The issued summonses for Xpand and 17 Management; and
5) The Verified Returns of Non-Service (Job #21356 and #21357).

A true and correct copy of the May 1, 2026, email letter and subsequent email exchange is attached as **Exhibit 4**; the Notice of Lawsuit and Requests for Waiver forms, and summons sent are attached as **Exhibit 5**.

6. In the May 1, 2026 correspondence, Plaintiffs expressly invoked Fed. R. Civ. P. 4(d), requested that both Defendants waive service in order to avoid further service expenses, and advised that if Defendants declined to return the waiver without good cause, Plaintiffs would (1) seek authorization from this Court to effect service by publication, and (2) move for costs and attorneys' fees incurred in effecting formal service. Despite receipt of the Complaint, summonses, waiver requests, and detailed documentation of the unsuccessful personal-service attempts, Defendants—through Attorney Savio—have not executed or returned the waiver forms, have not agreed to accept service, and have not offered any alternative method or address for service. Thus, Defendants have (a) refused to permit personal service at their principal office by consistently keeping the premises locked and declining to accept process or provide access, and (b) refused to cooperate in waiving service through their counsel despite full notice and documentation.

## II. LEGAL STANDARD

7. Federal Rule of Civil Procedure 4(h)(1)(A) allows service upon a corporation, partnership, or association "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) in turn authorizes service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This Court sits in Puerto Rico, and Puerto Rico Rule of Civil Procedure 4.6

("Summons by edicts and their publication") governs substituted service by publication. As relevant here, Rule 4.6(a) provides (Exhibit G, Rule 4.6):

> "When the person to be summoned is outside Puerto Rico, or that while in Puerto Rico he could not be located after the pertinent proceedings have been carried out, or is in hiding so as not to be summoned, or if he is a foreign corporation without a resident agent, and this is proven to the satisfaction of the court by means of an affidavit expressing such proceedings … the court may make an order to order that the summons be served by edict."

8. Rule 4.6(a) further provides that the order "shall":

1) Require that publication be made only once in a newspaper of general circulation on the Island of Puerto Rico; and
2) Require that within ten (10) days of publication, a copy of the summons and complaint be mailed by certified mail with acknowledgment of receipt, or other mail service with acknowledgment of receipt, to the person to be summoned at his or its last known physical or postal address, unless an affidavit justifies that no such address can be located.

9. Because Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A) incorporate Puerto Rico's service rules, this Court may authorize service by edict/publication where the requirements of Rule 4.6 are met.

## III. ARGUMENT

### A. Plaintiffs Have Exercised Diligent Efforts to Personally Serve Defendants

10. Defendants Xpand and 17 Management are both organized under the laws of a state other than Puerto Rico and list their principal place of business as 8870 W. Oakland Park Blvd., Suite 104, Sunrise, Florida 33351. *See* Complaint ¶¶ 7–8 (ECF 1). That address is also the one registered for the Defendants' resident agent. *See* **Exhibit 1**, *supra*.

11. Plaintiffs promptly engaged a Florida process server and attempted personal service at that principal office address five times over the course of more than a month (March 16 to April 21, 2026), including morning attempts and at times suggested by neighboring tenants. *See* Verified

Returns of Non-Service (**Exhs. 2–3**, *supra*). On each attempt, the suite was locked, and an individual answering via the Ring doorbell stated that everyone "works remotely," that "no one is in the office" to open the door or accept documents, refused to provide any office schedule, and declined to facilitate contact with anyone authorized to accept service. *Id.* The process server left his contact information and explicitly requested that someone from the company contact him to coordinate service; no such contact or cooperation occurred. *Id.* These verified declarations, executed by a licensed Florida process server, establish "due search, careful inquiry and diligent attempts" to effect personal service at Defendants' principal place of business, within the meaning of Rule 4.6(a).

**B. Defendants Have Effectively Concealed Themselves and Refused Service**

12. Although Defendants' principal address is known, Defendants have intentionally structured their operations such that the listed office is kept locked and no one is permitted to accept process, even after multiple attempts and advance notice. Staff repeatedly refused to open the door, refused to accept documents, and refused to provide any schedule or alternative means to effect personal service. *See* **Exhs. 2–3**, *supra*. Puerto Rico Rule 4.6(a) expressly contemplates service by edict where the person to be summoned (a) "could not be located after the pertinent proceedings have been carried out," or (b) "is in hiding so as not to be summoned." That is precisely the scenario here: Defendants' principal office is functionally closed to process servers, and Defendants have used their "remote work" arrangements as a shield against service. The Verified Returns of Non-Service, together with the undersigned's declaration (attached as **Exhibit 6**), demonstrate that Defendants cannot be reached for personal service at their principal place of business despite diligent efforts, and that their conduct is consistent with "hiding so as not to be summoned" within the meaning of Rule 4.6(a).

### C. Defendants, Through Counsel, Have Refused to Cooperate in Waiving Service

13. In addition to the on-the-ground efforts in Florida, Plaintiffs also attempted to secure Defendants' cooperation through counsel. On May 1, 2026, undersigned counsel sent Attorney Savio the filed Complaint, the issued summonses, a Notice of Lawsuit and Request for Waiver of Service of Summons, waiver forms for both Defendants, and the Verified Returns of Non-Service. *See* **Exhs. 4–5**, *supra*. The May 1, 2026, letter specifically invoked Fed. R. Civ. P. 4(d) and requested that Defendants waive service to avoid unnecessary expense, expressly warning that, failing such cooperation, Plaintiffs would (a) move for authorization to effect service by publication and (b) seek the costs and reasonable attorneys' fees related to formal service efforts. **Ex. 4** email exchange. Despite this detailed notice, and even though Attorney Savio has previously appeared and communicated on Defendants' behalf and requested to be served with any communications in connection with this very dispute, Defendants have not executed or returned the waiver forms, have not accepted service through counsel, and have not provided any good cause for their refusal. This non-cooperation further confirms that Defendants are deliberately avoiding service and justifies resort to substituted service by publication under Rule 4.6, as incorporated by Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A).

### D. Service by Publication Under P.R. Rule 4.6 is Proper and Necessary

14. All statutory predicates for service by edict under PR Rule 4.6(a) are satisfied:

1) Defendants are outside Puerto Rico;
2) They "could not be located after the pertinent proceedings have been carried out," as evidenced by multiple, documented, sworn attempts at their principal office;
3) They are effectively "in hiding so as not to be summoned," maintaining a locked office and refusing any cooperation with the process server; and
4) These facts are "proven to the satisfaction of the court by means of an affidavit expressing such proceedings," specifically:
   i. The sworn Verified Returns of Non-Service (**Exhs. 2–3**); and
   ii. The accompanying sworn Declaration of undersigned counsel (**Exh. 6**).

15. Moreover, it appears from the declaration, and from the application made, "that there is a claim justifying the granting of some remedy against the person to be summoned, or that such person is a proper party to the suit." P.R. Rule 4.6(a). Here, the Complaint pleads detailed tort, defamation, harassment, unjust enrichment, and declaratory/injunctive claims against Xpand and 17 Management, who plainly are the proper defendants in this action. See Complaint (ECF 1). Under these circumstances, and in the absence of any cooperation from Defendants or their counsel, service by publication in accordance with Rule 4.6 is both authorized and necessary to move this litigation forward and vindicate Plaintiffs' rights.

## IV. REQUESTED ORDER

15. Pursuant to Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A), and Puerto Rico Rule of Civil Procedure 4.6, Plaintiffs respectfully request that the Court enter an order:

1) Authorizing Plaintiffs to serve Defendants Xpand Staffing, LLC and 17 Management XS Group, LLC by edict/notice of summons, to be published once in a newspaper of general circulation in Puerto Rico (such as El Nuevo Día or Primera Hora), in both English and Spanish, substantially complying with the content requirements of Rule 4.6(b) the Proposed Bilingual Edict is attached as **Appendix 1**;
2) Directing that, within ten (10) days of such publication, Plaintiffs send by certified mail with return receipt requested, or other mail service with acknowledgment of receipt, copies of the summons and Complaint to Defendants at their last known physical and postal address:

   Xpand Staffing, LLC
   17 Management XS Group, LLC
   8870 W. Oakland Park Blvd., Suite 104
   Sunrise, FL 33351

3) Authorizing, as an additional notice measure, that Plaintiffs email copies of the summons, Complaint, and the Court's order to Attorney Christian Savio, Esq., at csavio@mls-pa.com, and that such transmission shall constitute supplemental notice, without prejudice to any argument Defendants may later raise as to jurisdiction or venue; and
4) Deeming Defendants served upon completion of publication and mailing as set forth above, with Defendants' time to answer or otherwise respond to the Complaint running from the

later of (i) the date of publication or (ii) the date of mailing evidenced by the certified-mail receipts.

A Proposed Order is attached as **Appendix 2**.

## V. CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court GRANT this Motion, enter an order authorizing service of process upon Defendants Xpand Staffing, LLC and 17 Management XS Group, LLC by publication/edict and mail in accordance with Puerto Rico Rule of Civil Procedure 4.6, as set forth above, and grant such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 11th day of May 2026.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and that a copy will also be sent via email to Attorney Christian Savio, Esq., at csavio@mls-pa.com.

*/s/Eric Quetglas Jordán*
Eric Quetglas-Jordán
QuetglasLaw@gmail.com
USDC-PR #202514
USCA First Circuit - #75573
(787) 548-1410

**QUETGLAS LAW L.L.C.**
PO Box 9021633
San Juan 00902
-------
QuetglasLaw@gmail.com
https://www.quetglaslawllc.org/